Case 1:19-cr-20561-KMM Document 1 Entered on FLSD Docket 09/06/2019 Page 1 of 8

FILED BY \_\_\_\_ YH \_\_\_ D.C.

Sep 5, 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-20561-CR-MOORE/BECERRA**

18 U.S.C. § 1029(a)(1)
49 U.S.C. § 5124
18 U.S.C. § 1029(a)(3)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1029(c)(1)(C)
18 U.S.C. § 982(a)(2)(B)

UNITED STATES OF AMERICA

vs.

DAVID GONZALEZ,

    Defendant.

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1.     The Hazardous Materials Transportation Act, as amended, 49 U.S.C. § 5101, *et seq.*, was enacted by Congress to protect against the risks to life and property inherent in the transportation and handling of hazardous materials in commerce. The law requires the Secretary of Transportation, United States Department of Transportation, to designate as hazardous any material that poses an unreasonable risk to health and safety or property when transported in commerce, and to enact appropriate regulations to ensure the safe transportation of such materials in commerce.

2. The Department of Transportation has identified hazardous materials, including materials listed by hazardous characteristic category such as combustible, flammable, corrosive, and oxidizing materials. *See* 49 C.F.R. § 172.101, App. A. These hazardous materials include diesel fuel, a combustible liquid, and gasoline, a flammable liquid. *See id.*

3. The regulations prohibit any person from transporting hazardous materials in interstate or intrastate commerce unless the hazardous materials are transported in accordance with the safety requirements set forth in the regulations. *See* 49 C.F.R. § 172.3. The regulations apply to any aspect of the transportation of hazardous materials by private, common, or contract carriers by motor vehicle, including the loading and unloading of the hazardous material incident to its movement. *See id.*

4. Any person transporting hazardous materials by public highway must ensure that hazardous materials are properly classed, packaged, and described on shipping papers, and the outer packaging and transport vehicle must be marked and labeled or placarded, and be in condition suitable for shipment. *See* 49 C.F.R. §§ 172.332(c), 172.504. The information communicated through the shipping papers, packaging markings, labels, and vehicle placards must identify the type of hazard posed by the hazardous materials, the degree of danger associated with the material, and convey information needed by first responders and members of the public for the safe handling of the materials. *See id.*

5. The regulations further prohibit transporting a hazardous material unless emergency response information is immediately available, for use at all times during transportation, to a person who responds to an incident involving a hazardous material. *See* 49 C.F.R. § 172.600.

6. The regulations require a person to have a commercial driver's license with a hazardous material endorsement in order to operate a motor vehicle that is used to transport a quantity of hazardous materials that requires placarding. *See* 49 C.F.R. § 172.504.

7. Defendant **DAVID GONZALEZ** was a resident of Miami-Dade County.

## COUNT 1
### Use of Counterfeit Access Device
### (18 U.S.C. § 1029(a)(1))

On or about June 13, 2019, in Miami-Dade County, in the Southern District of Florida, the defendant,

**DAVID GONZALEZ,**

did knowingly, and with intent to defraud, use one or more counterfeit access devices, that is, a gift card re-encoded with JP Morgan Chase credit account number ending in -9170, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

## COUNT 2
### Hazardous Materials Violation
### (49 U.S.C. § 5124)

1. Paragraphs 1 through 7 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about June 14, 2019, in Miami-Dade County, in the Southern District of Florida, the defendant,

**DAVID GONZALEZ,**

did willfully and recklessly transport in commerce by motor vehicle a hazardous material, that being diesel fuel, without properly placarding said motor vehicle, in violation of the rules and

regulations prescribed by the Department of Transportation, as set forth in Title 49, Code of Federal Regulations, Sections 172.332(c), 172.504, and 172.544.

In violation of Title 49, United States Code, Sections 5124 and 2.

### COUNT 3
### Possession of Fifteen or More Counterfeit Access Devices
### (18 U.S.C. § 1029(a)(3))

On or about June 14, 2019, in Miami-Dade County, in the Southern District of Florida, the defendant,

**DAVID GONZALEZ,**

did knowingly, and with intent to defraud, possess fifteen (15) or more counterfeit and unauthorized access devices, that is, credit cards and gift cards re-encoded with the credit and debit card account numbers issued to other persons, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

### COUNTS 4-5
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1))

On or about June 14, 2019, in Miami Dade County, in the Southern District of Florida, the defendant,

**DAVID GONZALEZ,**

during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(3), that is, knowingly, and with intent to defraud, possessing fifteen (15) or more counterfeit and unauthorized access devices, that is, credit cards and gifts cards re-encoded with debit and credit card account numbers issued to other persons, said conduct affecting interstate and foreign commerce, as charged in Count 3, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, as specified in each count below:

| Count | Means of Identification |
|---|---|
| 4 | Name and debit card account number ending in 9170 issued to "J.K.E." |
| 5 | Name and debit card account number ending in 1915 issued to "M.F." |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE ALLEGATIONS

1.   The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **DAVID GONZALEZ**, has an interest.

2.   Upon conviction of a violation of Title 18, United States Code, Section 1029, as alleged in this Indictment, the defendant shall forfeit to the United States: (a) all property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(B); and (b) any property used, or intended to be used, to commit such offense, pursuant to Title 18, United States Code, Section 1029(c)(1)(C).

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, made applicable by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2).

A TRUE BILL

_____
FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
ELIZABETH YOUNG
SPECIAL ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

**David Gonzalez,**
_____Defendant_____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New defendant(s)       Yes ___    No ___
Number of new defendants ___
Total number of counts ___

**Court Division:** (Select One)
- ✓ Miami  ___ Key West
- ___ FTL  ___ WPB  ___ FTP

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  Yes
   List language and/or dialect  Spanish

4. This case will take  4-5  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days        ✓
   - II   6 to 10 days
   - III  11 to 20 days
   - IV   21 to 60 days
   - V    61 days and over

   (Check only one)
   - Petty
   - Minor
   - Misdem.
   - Felony   ✓

6. Has this case previously been filed in this District Court?  (Yes or No)  No
   If yes: Judge_____ Case No._____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  No
   If yes: Magistrate Case No._____
   Related miscellaneous numbers:_____
   Defendant(s) in federal custody as of_____
   Defendant(s) in state custody as of_____
   Rule 20 from the District of_____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

_____
Elizabeth Young
Special Assistant United States Attorney
Court ID A5501858

*Penalty Sheet(s) attached                                            REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: DAVID GONZALEZ**

**Case No:**

Count #: 1

Use of One or More Counterfeit Access Devices

Title 18, United States Code, Sections 1029(a)(1) and 2

**\*Max. Penalty: 10 Years' Imprisonment**

Count #: 2

Hazardous Materials Violation

Title 49, United States Code, Sections 5124 and 2

**\*Max. Penalty: 5 Years' Imprisonment**

Count #: 3

Possession of Fifteen or More Counterfeit or Unauthorized Access Devices

Title 18, United States Code, Sections 1029(a)(3) and 2

**\*Max. Penalty: 10 Years' Imprisonment**

Counts #: 4-5

Aggravated Identity Theft

Title 18, United States Code, Sections 1028A(a)(1) and 2

**\*Man. Minimum Penalty: 2 Years' Imprisonment (consecutive as to any other term of imprisonment)**

\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.