UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 19-CR-20561-MOORE/ELFENBEIN

**UNITED STATES OF AMERICA**,

v.

**DAVID GONZALEZ**,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION

**THIS MATTER** came before the Court for a revocation hearing on October 29, 2024, upon a Petition for Warrant or Summons for Offender Under Supervision (the "Petition"), ECF No. [33], as to Defendant, David Gonzalez ("Defendant").[1]

### RELEVANT BACKGROUND

Defendant was convicted on January 16, 2020, of possession of fifteen or more counterfeit access devices, in violation of 18 U.S.C. § 1029(a)(3), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). ECF No. [29]. He commenced supervision on January 18, 2022, and was scheduled to terminate supervision on January 17, 2025.

On March 20, 2023, the United States Probation Office ("Probation") notified the Court of the Defendant's positive drug test for cocaine, and the Court agreed with Probation's no-action recommendation. *See* ECF No. [33]. On September 11, 2024, the Court issued a

---

[1] This matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Court Judge, to take all necessary and proper action as required by law with respect to any violations of Supervised Release as to Defendant David Gonzalez, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida. ECF No. [37].

1

warrant for Defendant based on a Petition from the United States Probation Office, alleging that Defendant violated the requirements of supervised release. ECF Nos. [33] and [34].

On September 12, 2024, Defendant appeared before the Court for his initial appearance on the Petition, and the Federal Public Defender was appointed to represent him. ECF No. [35]. Following a detention and probable cause hearing, the Court ordered the Defendant detained as a danger to the community. ECF No. [46]. The undersigned conducted the revocation hearing on October 29, 2024. ECF No. [54].

The violation alleged in the Petition is as follows:

1. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 27, 2024, in Miami Dade County, Florida, the defendant committed the offense of Grand Theft 3rd degree, contrary to Florida Statute § 812.014.

ECF No. [33] at 2.

## REVOCATION HEARING

All parties, including counsel for the United States, United States Probation Officer Emmanuel Aracena Santos, Defendant, and Defendant's counsel, appeared at the hearing prepared to proceed. At the start of the hearing, Defendant indicated his intention to admit to the violation as alleged in the Petition.

The undersigned placed Defendant under oath and questioned him, following which the undersigned determined that Defendant is fully competent and capable of making an informed decision and that his admission to the violations in the Petition is knowing and voluntary. The undersigned advised Defendant the maximum penalty the District Judge may impose, pursuant to 18 U.S.C. § 3583(e)(3), is a term of up to two years' imprisonment, followed by supervised release of up to three years, as set forth in 18 U.S.C. § 3583(b)(2). Defendant acknowledged that he understands the maximum penalties. Accordingly, based on

the representations on the record from Defendant, Defendant's counsel, the Government, and the United States Probation Officer, and having had the opportunity to observe and hear directly from Defendant, the undersigned recommends that the Court set the matter for a final hearing and accept Defendant's admission of guilt as to the violation as charged in the Petition, ECF No. [33].

The parties will have **three (3)** days[2] from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida on October 31, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] At the revocation hearing, counsel for the Defendant asked the Court to shorten the time period for objections to the Report and Recommendation in order to potentially expedite the date of the Defendant's sentencing. The Government had no objection to the Defendant's request. As a result, I have shortened the objections period to three business days. *See Nadeau v. Condo Black Book, LLC*, No. 23-CV-21271, 2023 WL 3293038, *1 (S.D. Fla. May 5, 2023) (allowing three days for objections when the plaintiff's request for a temporary restraining order was ex parte); *MCM Entertainment, Inc. v. Diaz World Trade Group, Inc.*, No. 22-CV-23189, 2023 WL 2917752, *1 (S.D. Fla. Apr. 11, 2023) (shortening period of time to file objections when both parties agreed at the hearing to a truncated time period); *United States v. Leonard*, No. 18-CR-484, 2019 WL 4401264, *6, n. 3 (March 27, 2019) (giving the parties less than 14 days to file objections to the report and recommendation given the proximity of the trial date).

Copies to:
Hon. K. Michael Moore, U.S. District Judge
Counsel of Record